EDWARD RAY DOUGHERTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dougherty v. Commissioner
Docket No. 1611-82.
United States Tax Court
T.C. Memo 1986-188; 1986 Tax Ct. Memo LEXIS 419; 51 T.C.M. (CCH) 986; T.C.M. (RIA) 86188; May 8, 1986. *419 Edward Ray Dougherty, pro se. Thomas P. O'Driscoll, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined a deficiency of $3,563 in the income tax due from petitioner for 1978. After concessions, the issues for decision are: (1) whether petitioner is entitled to deduct rental expenses in excess of those allowed by respondent, and (2) whether petitioner may deduct certain automobile and truck expenses as well as union dues as business expenses. For convenience, our findings of fact and opinion are combined. Some of the facts have been stipulated and are so found. The stipulation and exhibits attached thereto are incorporated herein by reference. Petitioner resided in St. Louis, Missouri, during 1978 and at the time he filed the petition in this case. He timely filed an income tax return for the year 1978 with the Internal Revenue Service Center at Kansas City, Missouri. During 1978, petitioner earned $10,732.64 as a forklift operator for General Motors Truck and Bus Assembly Plant. The plant is located approximately seven miles from petitioner's residence. In connection with this employment, petitioner paid $148 in *420 union dues during 1978. The dues were withheld from his paychecks. During 1978, petitioner owned four three-story apartment buildings located at 2751, 2753, 2755 and 2757 Russell Boulevard, a poor, run-down and blighted area of St. Louis. The buildings were old and needed repairs. Each building contained a total of nine rooms which were divided into three residential units of two to four rooms each. Each building was heated with a coal furnace located in the basement. Petitioner resided in one of the units at 2755 Russell Boulevard. All of the other units were available for rent or were used for storage by petitioner. During 1978 some of the rental units were vacant for various periods of time. On his 1978 return petitioner reported rental income totaling $5,810.00 and claimed deductions for rental expenses totaling $14,342.00 for a net loss on the rental orperties of $8,532.00. Of the rental deductions claimed by petitioner, respondent allowed a total of $8,600.50 and disallowed a total of $5,741.50. The rental expenses claimed by petitioner and disallowed by respondent are as follows: Rental Expenses
Claimed By
Disallowed By
Petitioner
Respondent
Cleaning
$1,600.00
$1,600.00
Linen
470.00
470.00
Furnace
168.00
168.00
Painting
930.00
925.50
Roof
735.00
735.00
Hardware
144.00
144.00
Pest Control
147.00
147.00
Supplies
232.00
232.00
Depreciation--
1,008.00
1,008.00
Furniture
Miscellaneous
312.00
312.00
TOTAL
$5,746.00
$5,741.50
*421 At trial, petitioner was unable to produce the names of any of his tenants during 1978 and in support of the disallowed expenses, he submitted only some handwritten receipts. He testified that the receipts were received from tenants and third parties whom he had hired from time to time to do various odd jobs with respect to the rental properties. He further testified that the receipts for the cost of the furniture on which he claimed depreciation were also received by him from former tenants and other parties from which he had purchased used furniture. However, petitioner's entire testimony was vague and somewhat contradictory and the authenticity of the receipts produced by him are highly questionable especially in view of his refusal to permit respondent to examine them before trial and his inability to produce any former tenant or other person in their support. Consequently, we are unable to conclude that he has carried his burden of proving that he is entitled to a deduction for any rental expenses in excess of those allowed by respondent. ; Rule 142(a).[1]
*422 On his return petitioner also claimed a deduction on Form 2106 for employee business expenses totaling $2,506.00 for the following items: Tax Service
$ 144.00
Automobile and
2,162.00
Truck Expense
Union Dues
148.00
Safety Shoes
40.00
Maintenance
12.00
TOTAL
$2,506.00
Respondent originally disallowed the above deduction in its entirety, but at trial he conceded the deduction to the extent of the tax service, safety shoes and maintenance, although they were incorrectly claimed on Form 2106. In support of the automobile and truck expense the record contains nothing but petitioner's vague, confusing and often contradictory testimony and some uncorroborated receipts for gas and other vehicle expenses. None of the receipts reflect petitioner as the payee, although some of them are made out to "Ray's Auto Sales" which may be a related entity, but no explanation appears in the record. Furthermore, petitioner offered no competent evidence in support of his allocation of 90 percent of his alleged truck expense to business use or of how he arrived at the estimate of his car expenses. We conclude, therefore, that petitioner has failed to carry his burden *423 of proving that he is entitled to any deduction for automobile and truck expenses in excess of those conceded by respondent. Petitioner also contends, however, that at least part of the automobile and truck deduction is allowable for the 14 miles he traveled each workday between two jobs (his job at General Motors and his rental properties where he resided). Expenses incurred in traveling between two businesses are deductible under some circumstances. See and , affd. per curiam . However, where as here, the taxpayer's residence is located at the site of a minor place of business, the expenses of traveling between the minor business (his residence) and his major place of employment constitute nondeductible personal commuting expense. , affd. per curiam ; see also ; . Here *424 there is no question but that petitioner's employment at General Motors was his principal place of business. In fact, petitioner does not argue otherwise. We conclude, therefore, that petitioner's transportation expenses between his home at the rental properties and his place of employment at General Motors were primarily personal in nature and are not deductible as a business expense. . [2]
With respect to the union dues petitioner contends that they are deductible as a business expense because General Motors is a closed shop and he was required to belong to the union as a condition to his continued employment. Respondent does not challenge the amount of the deduction. He simply argues that such item is available only as an itemized deduction and not as a business expense. Respondent is correct. . See also Stahlin v. Commissioner, a Memorandum Opinion of this Court dated October 3, 1952; Stuermer v. Commissioner, a Memorandum Opinion of this Court dated November 23, 1951. *425 Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the year in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. See also .↩